United States District Court
For The District of Columbia


Curtis G. Crawford
Reg 10620-007
DCDC # 168-884
1901 D Street, S.E.
Washington, DC 20003
    Petitioner


        v.                    Civil Action No. 05-1068-RWR


Commissioner C. Mitchell
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815


Motion For Writ of Habeas Corpus;

Motion For Appointment of Counsel;

Motion For Ineffective Assistance of Counsel; Motion For Release History

RECEIVED
MAY 31 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JUN 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On March 25, 2005 Petitioner Curtis B. Crawford was arrest on a Parole violator warrant, and on March 29, 2005 Petitioner Crawford was appointed an Public Defender Attorney Vincent Hostell at a Probable Cause Hearing to which Hearing Examiner did not gave Petitioner's Crawford Parole Record (file, case packet, and etc.)

Ineffective Assistance of Counsel

(.) Attorney Promise Petitioner that

3.

he would review Parole File; yet on attorney only visit on May 25, 2005 he had not reviewed Parole File nor secured Document's favorable to Petitioner for his Revocation Hearing of June 1, 2005. Nor did Attorney have any meaningful tactic, to defense of Clients. See: Strickland v. Washington, 466 U.S. 668, 686 (1984).

2.) Attorney Promised to send Investigator to see me in Two (2)

4.

week on March 29, 2005, and no investigator ever came to see me my entire time in DC Jail.

3.) Legal Representation at Probable Cause Hearing was a Sham, because Attorney did not object to fact that Hearing Examiner could not make a fair assessment without Parole File at Probable Cause Hearing.

<u>Shown to detainees Rights</u>

U.S. Parole Commission knew or should have known that Parolees and Releasees were not

MAY 3 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

being adequately Represented by the Public Defender Service and That other sources of available Attorneys were available to Provide Competent legal Representation at Probable Cause and Revocation Hearing. Petitioner was denied a Fair Probable Cause Hearing on March 29, 2005, because the U.S. Parole Commission made sure That he would be Represented by Public Defender Service That has No interest in

6.

cooperating with U.S. Parole

officials rather than defending

the Rights of Parolee/Releasee.

<u>Racial Discrimination</u>

The U.S. Parole Commission in

dealing with Parolee/Releasee in

The District of Columbia, does

issue Parole Violator warrants

on Racial basis. whereas the

Majority (white person) are

issue summons for the same

offense in which the U.S.

Parole Commission will always

RECEIVED
MAY 26 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

issue an arrest warrant for a Black Parolee/Releasee. This Disparity of Treatment is Common Place, with no Safe-Guards to Protect Blacks from worse Treatment while grant white person better Treatment solely based upon Race.

### Racial Discrimination II

On June 4, 2004 Petitioner Crawford was Mandatorly Released from Petersburg Federal Prison, with Release papers that clearly stated "Termination

-8-

of Supervision date November 4, 2004", Job because he was a Black man. The Parole Officer Nacre Williams went into the Parole System Computer and changed the date to November 4, 2005. Petitioner's Release papers were sign-off by Warden, Record Officer, and Mr. Parole Officials, while the Petitioner Crawford did not receive any Documentation to support the Action of CSO Williams.

Repeated Treatment

9.

Petitioner Crawford was wrongfully placed in Sex Offender Unit, because he had a Pending civil case in Baltimore United States District Court against the U.S. Parole Commissioner C. Mitchell. Since under D.C. Code 24-1113 nor 42 U.S.C. § 14072(i), did not apply to the Petitioner Crawford the only other reason for his placement in the Sex Offender Unit were for reprisal and retaliation for filing legal action against the

10.

U.S. Parole Commission,

### Petitioner Release

Petitioner was wrongly arrested on Parole Violator warrant on Supervision, when in fact his Supervision Terminated on November 4, 2004 and warrant was issued on March 10, 2005.

### Relief Sought

1.) Court order Appointment of Counsel
2.) Court order release Pending Hearing
3.) Court order Termination of Parole / Expiration of Sentence.

Respectfully Submitted

Curtis E. Crawford

11.

## Certification of Truth

I certify that this action is presented in good faith, and state further under penalty of perjury that the above statement is true and correct.

## Certification of Service

I certify that a true copy was mailed to Clerk of Court on this 25 day of May, 2005 and requesting that Clerk provide stamp dated copy to U.S. Attorney office.

Respectfully Submitted,

Curtis E. Crawford

Note:

Clerk please use a copy from previously filed Writ of Habeus Corpus, of Informa Pauperis, which is not 30 days dated. Thanks,

Curtis E. Crawford