**Exhibit D**



**Court Services and Offender Supervision Agency for the District of Columbia**

*Community Supervision Services*
*Branch VII, General/Special Supervision*

### Alleged Violation(s) Report

March 8, 2005

**TO:** The United States Parole Commission
Deirdre Jackson
5550 Friendship Boulevard
Chevy Chase, MD 20815-7286

| | | | |
|---|---|---|---|
| **FROM:** | Nacre S. Williams | **Unit:** | Sex Offender Supervision II - Team 18 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7390 |
| **Please send all inquiries to:** | 300 Indiana Ave. Room 2056 Washington, DC 20001-2106 | **Fax:** | (202) 585-7554 |
| | | **Email:** | Nacre.Williams@csosa.gov |

**SUBJECT:** Non-Compliance with Parole
**DOCKET:** CC-1226-71

**Offender:** Curtis Emanuel Crawford
**FEDREG #:** 10620-007
**FBI #:** 334057G
**DCDC #:** 169-884
**PDID #:** 216-444

**Action Recommended:** Expedited Warrant

### SENTENCING INFORMATION

Curtis Crawford is a 54 year-old male who was sentenced on May 12, 1972 to twenty (20) years incarceration, followed by seventeen (17) months mandatory release for Second Degree Murder. The offender was released on June 4, 2004 with a full-term date of May 3, 2006. The offender is scheduled to be released from supervision on November 4, 2005, if he successfully completes conditions without a warrant being issued. The offender remains in the community.

The offender has no special conditions of parole.

07/21/05  09:23 FAX 301 492 5563         US PAROLE COMMISSION            ☒009
Case 1:05-cv-01068-RWR   Document 10-5   Filed 07/25/2005   Page 3 of 6
1/08/2005 14:29 FAX                      SATB                            ☒004

Court Services and Offender Supervision Agency                           Page 2



Since being released to supervision, the offender is alleged to have committed the following violation(s):

> 6/14/2004 Illegally Used Controlled Dangerous Substance
> 6/16/2004 Illegally Used Controlled Dangerous Substance
> 7/12/2004 Failed to Submit to Sanctions (CIT Assessment)
> 7/14/2004 Failed To Submit to Sanctions (GPS)
> 1/04/2005 Illegally Used Controlled Dangerous Substance
> 1/25/2005 Illegally Used Controlled Dangerous Substance
> 1/27/2005 Illegally Used Controlled Dangerous Substance
> 2/17/2005 Failed To Report As Directed
> 2/18/2005 Failed To Report As Directed
> 2/17/2005 Illegally Used Controlled Dangerous Substance
> 2/22/2005 Failed To Submit to Sanctions (GPS)
> 2/23/2005 Failed To Submit to Sanctions (GPS)
> 3/04/2005 Failed To Report As Directed

### Allegation #1 Failed to Report As Directed

Mr. Crawford failed to report as directed in violation of parole condition #14. On 2/15 and 2/17/05, Mr. Crawford was given verbal and written instructions to report back on 2/17 and 2/18/05 respectively. He failed to do so. On 3/4/05, CSO Spivey met with the offender at his residence. He was given both verbal and written instructions to report to the office to submit a urine sample. He failed to do so. Attached as evidence is the offender's reporting forms, SMART running record entries, and contact sheet signed by Mr. Crawford on 3/4/05..

### Allegation # 2 Offender illegally possessed, used, sold, or purchased a narcotic drug, controlled dangerous substance or related paraphernalia.

Mr. Crawford illegally used a controlled dangerous substance in violation parole condition #9. On 6/14 and 6/16/04, 1/4, 1/25, 1/27, and 2/17/05, as evidenced by the attached Drug Testing Management System (DTMS) report, the offender tested positive for cocaine. A GCMS confirmation was requested on 3/7/05, with the results being forwarded to the USPC upon receipt. On 2/22/05 the offender admitted to the 1/4/05 drug use. He stated that he used cocaine at a New Year's Eve party. The offender also admitted to using cocaine during an office visit on 6/15/04. (SMART running record Entry is attached as evidence). The offender denied all other reported drug use. There exists no documentation in the field concerning any legal prescription, which may give a false positive drug test for the abused drug.

Court Services and Offender Supervision Agency                                Page 3

### Allegation # 3 Offender Failed to Cooperate w/Supervision

The offender failed to comply with specific instructions by supervision Officer in violation parole condition #14. On 7/12/04 Mr. Crawford stated to this Officer that he is not willing to participate in drug treatment for his initial assessment. Attached as evidence is the SCSO Conference forms dated 7/14/04.

### Allegation # 4 Offender failed to Submit to CSOSA's Graduated Sanctions

The offender failed to cooperate and submit to CSOSA's graduated sanctions program in violation condition #15. On 7/14/04, 2/22/05, and 2/23/05 during a SCSO Conference the Offender was instructed to participate in the (GPS) Global Positioning System Program for sixty (60) days. The offender refused. Attached as evidence is SMART running record entry dated 2/22 and 2/23/05 and SCSO Conference form dated 2/22/05.

### CASE SUMMARY

Mr. Curtis Crawford resides at 3537 11th Street NW, Washington, DC 20001 and can be reached by phone at (202) 265-2274. The offender has been at this place of residence for 1 year(s) and 10 month(s). The offender currently resides with his mother Ms. Crawford. CSO Spivey conducted the last home visit on 3/4/2005, and met with the offender and his mother. CSO Spivey conducted a brief review of the apartment. CSO Spivey indicated the apartment is suitable and there were no apparent issues that arose during the home visit.

On or about 12/20/2004, Curtis Crawford began employment with, Jackson Hewitt located at 1603 U St. Washington, D.C. 20009. His employment was last verified by pay stub on 2/22/05. The offender has been employed for a total of 2 ½ months with this agency.

On 6/10/04 this CSO was assigned this case. The offender is being supervised in this Sex Offender's unit due to previous offense that was sexual in nature.

On 6/14 and 6/16/04, the offender submitted urine samples that were returned testing positive for cocaine. This CSO addressed the positive drug use with this offender. This CSO notified the USPC on 6/17/04, by submitting a Notice of Drug Use form. I was subsequently advised through written correspondence on 7/9/04, that sanctions imposed were appropriate. Also, upon the first submission of a positive drug test the offender was referred for initial assessment and further treatment if deemed necessary.

On 7/12/04, the offender stated to this CSO that he is not willing to comply with said condition of drug assessment and treatment. This CSO scheduled an SCSO conference with SCSO Kiely. On 7/14/04, during the SCSO conference the offender again refused all purposed sanctions to be imposed and signed a contract as refusal. Although the offender said he would be willing to go to drug treatment he stated bluntly he would not participate. However, the offender did comply with five (5) day sanction.

Court Services and Offender Supervision Agency                                              Page 4

On 1/4/05 the offender submitted to another positive urinalysis for cocaine. The offender admitted use of cocaine dated on 1/4/05. When addressed the offender stated that he went to a New Year's party. This CSO sanctioned the offender to a SCSO conference scheduled 2/22/05. During this SCSO conference the offender again reiterated to SCSO Kiely his admitted use. The offender stated specifically, "Yes I used, my world is not like your world, we all used cocaine at the party." The offender stated that he would comply with Central Intervention Treatment sanction and five (5) day reporting but refused to adhere to sanction purposed, Global Positioning System for sixty (60) days). The offender stated adamantly that he would not comply with said condition of GPS. The offender also refused to sign the SCSO Conference Contract.

On 2/23/05, the offender reported to this supervision office as instructed. Per SCSO Kiely's instructions, this CSO offered the offender again the graduated sanction of GPS in lieu of an AVR. The offender refused (GPS) for the third time during his supervision period. The offender stated that he would rather spend the rest of his time in prison rather than comply with GPS.

On 3/4/05 CSO Spivey conducted a home visit, due to this CSO's absence. CSO Spivey advised the offender to report to the supervision office on the same day and ask for CSO Rotthoff, in reference to receiving a drug testing referral. The offender to report as instructed.

A local and national record check was completed on 3/2/05 and there are no re-arrests to report nor any outstanding warrants.

### RECOMMENDATION:

This Community Supervision Officer concludes that the offender poses a high risk. The offender is not willing to adhere to the USPC release instructions set forth. Therefore this CSO deems the offender as not being amenable to supervision. Additionally, this Community Supervision Officer is respectfully requesting an Expedited Warrant.

07/21/05 09:24 FAX 301 492 5563 US PAROLE COMMISSION ☐012
Case 1:05-cv-01068-RWR   Document 10-5   Filed 07/25/2005   Page 6 of 6

Court Services and Offender Supervision Agency                                Page 5

Respectfully submitted,

/Signed/                                                    3-8-05
_____                                             _____

Nacre S. Williams
Community Supervision Officer
Telephone Number: (202) 585-7390


Approved by:

M / K
_____

Matthew E. Kiely
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7350


cc: File