**Exhibit E**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Crawford, Curtis, Reg. No. 10620-007, DCDC No. 169-884, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 20 years (original); 2645 days (parole violator term) for the crime of 2nd Degree Murder and was on June 7, 2004 released on parole from Petersburg FCI-Med with 698 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 10, 2005

_[signature]_
U.S. Parole Commissioner

---

Crawford, Curtis
Reg. No. 10620-007   DCDC No. 169-884

U.S. DEPARTMENT OF JUSTICE                               WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION                          ● D.C. Code Offender

Name ........................... Crawford, Curtis

Reg. No ..................... 10620-007                  Date ........................................ March 10, 2005
DCDC No ..................... 169-884                    Termination of Supervision ...... 11/4/2005
FBI No ......................... 334057G                 [If Conviction Offense Before April 11, 1987 And
Birth Date ...................................           Offender Is On Mandatory Release, Termination
Race ............................ Black                  Date Is 180 Days Prior To Full Term]
                                                         Violation Date ........................ 6/14/2004
                                                         Released ............................... June 7, 2004

Sentence Length ........... 20 years (original); 2645 days (parole violator term)
Original Offense ............ 2nd Degree Murder

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine: 6/14/2004, 6/16/2004, 1/4/2005, 1/25/2005, 1/27/2005, 2/17/2005

This charge is based on the information contained in the violation report dated 3/8/2005 from supervising officer Nacre Williams and corresponding laboratory report.
I ADMIT [ ] or DENY [ ] this charge.

Crawford, Curtis
Reg. No. 10620-007    DCDC No. 169-884


**Charge No. 2 - Failure to Comply with Graduated Sanctions.** On 7/14/2004 the releasee refused placement in the GPS monitoring program. This charge is based on the information contained in the violation report dated 3/8/2005 from supervising officer Nacre Williams and in SCSO conference contract dated 7/14/2004.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Failure to Comply with Graduated Sanctions.** The releasee failed to report to the supervising officer on 2/17/2005 for an SCSO conference as directed. This charge is based on the information contained in the violation report dated 3/8/2005 from supervising officer Nacre Williams and in the running record entry dated 2/22/2005.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 2/18/2005 & 3/4/2005 as directed. This charge is based on the information contained in the violation report dated 3/8/2005 from supervising officer Nacre Williams.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 5 - Failure to Comply with Graduated Sanctions.** On 2/22/2005 the releasee refused placement in the GPS monitoring program. This charge is based on the information contained in the violation report dated 3/8/2005 from supervising officer Nacre Williams and in the running record entry dated 2/22/2005
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**

Warrant Recommended By:

Warrant Issued.................. March 10, 2005

Deirdre Jackson, Deputy Case Services Administrator
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **Sex Offenders' Supervision-Team 18, 300 Indiana Avenue**



# Memorandum

| | |
|---|---|
| **Subject** <br> Warrant Execution Instructions Regarding: <br> Crawford, Curtis <br> Reg. No. 10620-007 <br> DCDC No. 169-884 | **Date** <br><br> March 10, 2005 |
| **To** <br><br> U.S. Marshal <br> District of Columbia - District Court <br> 333 Constitution Ave, N.W., Rm 1400 <br> Washington, D.C. 20001 <br> Attn: Karen Brown | **From** <br> *(signature)* <br> Deirdre Jackson <br> Deputy Case Services Administrator <br> U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named mandatory releasee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

If the prisoner is sentenced to a new federal, state or local term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc:  D.C. Court Services and Offender Supervision Agency
     Special Projects Unit
     300 Indiana Avenue, N.W., Suite 2076
     Washington, D.C. 20001

DMJ

---

Crawford, Curtis
Reg. No. 10620-007    DCDC No. 169-884

