**Exhibit G**

## HEARING SUMMARY

**Name:** Crawford, Curtis                                       **Reg No:** 10620-007

**Hearing Parameters**

    Hearing Type ............................: **Revocation (Local)**

    Hearing Date ............................: 6/1/05

    Examiner ...................................: Joseph M. Pacholski

    Institution .................................: D.C.-Correctional Treatment Facility

    Second Designation ...................:

**Sentence Parameters**

    Sentence Type ..........................: **DC Parole Eligible**

    MR/Statutory Release Date..........: The subject was released on 6/4/04. The subject's release full term date minus 180 days was 5/3/06, per mandatory release certificate dated 5/9/04. MR Date: 10/6/06.

    Full Term Date ..........................: 2/20/07

    Months in Custody ....................: 3 as of 5/24/05

    Detainer ....................................: None noted

**Warrant Parameters**

    Supervision ..............................: **Mandatory Release**

    Revoking District & Office..........: Washington, DC

    Warrant Execution Date..............: 3/25/05

    Probable Cause Date ..................: 3/29/05

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Pre-review completed by Paul R. Howard dated 5/13/05.

**Counsel:** Vincent Haskell, Public Defender Service
633 Indiana Avenue, NW
Washington, DC 20004

**Witnesses:** CSO Spivey and CSO Williams.

**Procedural Considerations:** The subject's attorney raised an objection that the subject did not know he was on parole after he was released on 6/4/04. The subject believed his full term date was 11/4/04 and the 180-day rule applied to him. This appears to be inaccurate in that the parole certificate of mandatory release indicates that the subject was released on 6/4/04 but his full term date minus the 180 days was 5/3/06, as documented on the mandatory certificate dated 5/19/04. The subject's attorney provided a notice of release in arrival form that the inmate did not sign, which indicated yes supervision was to follow. However, there is another document,

Crawford, Curtis, Reg. No. 10620-007                                       Page 1 of 4

which is a notice of release in arrival that shows that subject was not going to be on supervision upon his release. These documents are in conflict with each other regarding supervision. However, a reporting instructions sheet provided by CSOSA indicates that the subject was immediately required to report for supervision that information is dated 5/27/04. This examiner overruled the objection for the simple fact that the certificate of mandatory parole, which is signed by the subject on 5/19/04, indicates that he knew he was on supervision until 5/3/06.

### Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs:**
   **Evidence Presented:** The subject denied the above charge. The subject believed that he was not on supervision and did not have to comply.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's testimony at the hearing.

**Charge No. 2 – Failed to Comply with Graduated Sanctions:**
   **Evidence Presented:** The subject denied the above charge.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's testimony at the hearing.

**Charge No. 3 – Failed to Comply with Graduated Sanctions:**
   **Evidence Presented:** The subject denied the above charge.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's testimony at the hearing.

**Charge No. 4 - Failure to Report to Community Supervision Officer as Directed:**
   **Evidence Presented:** The subject denied the above charge. The subject did not believe that he was on supervision however he was in contact with a supervising officer.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's testimony at the hearing and documents in the CSOSA's file.

**Charge No. 5 – Failed to Comply with Graduated Sanctions:**
   **Evidence Presented:** The subject denied the above charge.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** The subject's testimony at the hearing.

### Disciplinary Infractions

**No. 1 - BOP Incident Report No. N/A.**
   **Description of Behavior:** Assault: The subject on 4/13/05 was observed by an officer punching another inmate in the face with a closed fist. The subject was found guilty by the Adjustment Board on 4/14/05 and was sanctioned to 14 days segregation and 30 days loss of privileges.

**Prisoner's Response:** Admit. The subject stated that he was assaulted and was defending himself.
**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
**Basis:** The subject's admission at the hearing.
**Severity:** Category Two because it involved Simple Assault.
**Rescission Guideline: 0-10 months.**

**Release Plans:** The subject plans to release to Washington, DC. Upon release he plans to work at the CVS.

<u>**Guideline Parameters**</u>

**Severity Justification:**   Category One because it involved Administrative Violations.
**Salient Factor Score:**   2.

**Re-parole Guideline Range:**............... 12-16
**Disciplinary Guideline Range:**.............. 0-10
**Total Guideline Range:**...................... 12-26

**Evaluation:** This examiner would note that the subject believes that the calculation of his time is inaccurate. The subject believes that the Bureau of Prisons has miscalculated his time and needs that time to be recalculated in order to determine if it is accurate. This examiner overruled the subject's objections regarding the procedural concerns in Jurisdiction because this examiner believes that the mandatory release documents dated 5/19/04 indicates that the subject knew full well that he was under supervision until 5/3/06 minus 180-days. The subject began to violate two weeks after he was released and thus under US Parole Commission's Jurisdiction. This examiner would note that the subject if continued to expiration would only serve 18-months. This examiner is recommending a decision to continue to expiration. This examiner would note that the subject would have been an above the guideline range candidate because he has been on parole six times for this same offense.

This examiner is recommending Drug Aftercare and Anger Management Aftercare conditions. It should be noted that the subject has a history of assault and while in prison on this current violation he committed another assault while incarcerated. This examiner views the subject as a more serious risk however a decision above the guidelines is not available as a recommendation.

**Recommendation:** Revoke mandatory release. None of the time spent on mandatory release shall be credited. Continue to Expiration.

**Conditions:** Anger Management and Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A decision below the guidelines is required because the maximum authorized term of imprisonment limits the time you will serve to less than the bottom of the guideline range. A decision further below the guideline range is not found warranted.

**Additional Text:** None.

[Signature]

**Executive Reviewer's Comments:**

JMP/PAH
June 2, 2005