UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS CRAWFORD, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | Civil Action No. 05-1068 (RWR) |
| ) | |
| STEVEN SMITH, ) | |
| ) | |
| RESPONDENT. ) | |

**RESPONDENTS' RESPONSE**
**TO THE COURT'S ORDER TO SHOW CAUSE**

Respondent Steven Smith, by and through the Office of the Attorney General for the District of Columbia, herein responds to the Court's June 14, 2005, Order to Show Cause, and state as follows:

1. On or about May 27, 2005, petitioner filed this Motion for Writ of Habeas Corpus. He avers that on June 4, 2004, he was released from the federal prison in Petersburg, Virginia, with documents that reflected that his supervision was terminated on November 4, 2004. According to petitioner, the U.S. Parole Commission has not provided him with any documentation which contradicts the papers received from the federal prison in Petersburg, Virginia. *See* Petition, at page 2.

2. On or about July 25, 2005, the U.S. Parole Commission (hereafter referred to as "Commission") responded to the substance of petitioner's petition. *See* Docket Entry #10. According to the Commission, because plaintiff failed to exhaust his administrative remedies his petition should be denied. Additionally, petitioner is not entitled to the requested relief.

3. While Steven Smith is the proper party respondent as he is the warden of the facility in which petitioner is housed, his power to grant petitioner his requested relief

is dependent upon the authority vested in the Commission.  D.C. Official Code § 24-131 provides that:

> "Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Official Code.  The Parole Commission shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons…
>
> (2)  Jurisdiction of Parole Commission to revoke parole or modify conditions. – On the date in which the Court Services and Offender Supervision Agency for the District of Columbia is established …, the United States Parole Commission shall assume any remaining powers, duties, and jurisdiction of the Board of Parole of the District of Columbia, including jurisdiction to revoke parole and to modify the conditions of parole, with respect to felons…."

Consistent with the provisions of § 24-131, on August 5, 1998, the D.C. Parole Board ("the Board") transferred its authority to grant parole release to the Commission.  On August 5, 2000, the Board transferred its remaining responsibilities to the Commission, and was then abolished on that date.

    4.    Respondent Smith therefore defers to the U.S. Commission's response to petitioner's petition and asks this Court to discharge the show cause order against him.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    _____
    PATRICIA A. JONES
    Chief, General Litigation Section IV

_____
MATTHEW W. CASPARI [488295]
441 4th Street, N.W. - 6th Floor North
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295

### CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Response to the Court's June 14, 2005, Order to Show Cause was mailed, first class postage prepaid, on August 3, 2005, to:

    Mr. Curtis Crawford, DCDC #169-884
    1901 E Street, S.E.
    Washington, DC 20003

_____
PATRICIA A. JONES

3