United States District Court
for the District of Columbia

Curtis E. Crawford,
    Petitioner,

v.

Steven Smith,
    Respondent(s)

Civil Action No. 05-1062 (RWR)

## Motion for Leave to File Supplemental Response;

## Motion for Summary Judgment.

### Statement of Fact

The Petitioner seek leave of Court, because the Evidence in case demonstrate clearly that Respondent's violated the law and Constitution of the United States to Due Process and Equal Protection under the Law.

### Illegal Transfer

The Respondents Court Services and Offender

Supervision Agency for the District of Columbia (CSOSA) did transfer Petitioner Crawford from a regular supervision unit to a sex offender supervision unit in contrary to instructions of the United States Parole Commission. (see: Respondents exhibit C) Also see: (28 C.F.R § 2.91 (b)) "A Parolee or Mandatory Releasee may be transferred to a new district of supervision with the permission of the supervision offices of both the transferring and receiving district, provided such transfer is not contrary to instructions from the Commission."

<u>No Special Condition</u>

On June 8, 2004 when Petitioner was released on Mandatory Release, there were no Special Condition of Release. CSOSA violated the Petitioner Due Process Rights, by arbitrary placement in Special Condition Sex Offender Unit without instruction from Commission.

3.

See: 28 C.F.R. § 2.91 (b)

### No Discretionary Power

CSOSA did not have authority to declare Petitioner Crawford a Sex Offender, under D.C. Code or Federal Law "42 U.S.C. §14072(i), nor under Rules and Regulation's of the United States Parole Commission.

See: 28 C.F.R. § 2.91 (b); Respondents Exhibit C.

### Unconstitutional Treatment

CSOSA violated Petitioner Crawford's legal and Constitutional Rights, by forcing him into Sex offender unit outside of the instructions of the U.S. Parole Commission and the Conditions of Release.

See: 28 C.F.R. § 2.91 (b)

4.

## Argument

1. It is undisputable fact that Petitioner Crawford was placed into Sex Offender Unit outside instructions of the Commission. See: 28 C.F.R. § 2.91(b)

2. It is undeniable fact that Petitioner Constitutional rights were violated by placement into Sex Offender Unit in contrary to law and instruction of the Commission. See: 28 C.F.R. § 2.91(b)

3. Petitioner Crawford's Mandatory Release was revoked to cover-up and conceal the unconstitutional and unlawful placement into Sex Offender Unit without the instruction of the Commission. See: 28 C.F.R. § 2.91

4. Respondents can not deny fact that law was violated by CSOSA. See: 28 C.F.R § 2.91(b)

5.

## Relief Sought

1. Court Order issued "Granting" Leave to File Supplemental Response.

2. Court Order issued "Granting" Summary Judgment to Petitioner due to fact that no genuine issue exist to undisputable fact

3. Court Order issued "Granting" Reinstatement of Petitioner Mandatory Release and All "Street Time" and "Good Time" Credit

4. Court Order issued "Granting" Petitioner Curtis E. Crawford immediate Release Therein Thereof.

Respectfully Submitted

Curtis E. Crawford

### Certification of Truth

I certify that above statement is True and Correct, under Penalty of Perjury, Pursuant to 28 U.S.C. § 1746

Respectfully Submitted

Curtis E. Crawford

## Certification of Service

I certify that a true copy of this motion for leave to supplement response was mailed to the Clerk on this 11th day of November, 2005. Further requesting that the Clerk will forward a stamp dated copy of the same to the United States Attorney Office for the District of Columbia.

Respectfully Submitted

Curtis E. Crawford