UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CURTIS E. CRAWFORD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1068 (RWR) |
| UNITED STATES PAROLE BOARD CHEVY CHASE MARYLAND, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner claims that he was arrested on "a bogus warrant" on March 25, 2005, for parole violations. He alleges that his detention is illegal because his parole supervision terminated on November 4, 2004, before execution of the warrant.[1] Petitioner names as respondents Warden Steven Smith of the District of Columbia Detention Facility and the United States Parole Commission ("USPC"). The USPC asserts that the petition should be denied because petitioner has neither exhausted his administrative remedies nor presented claims entitling him to habeas relief. Petitioner asserts that he exhausted his administrative remedies. Petitioner's Response to the Respondent [Dkt. No. 14] at 1.[2] Resolution of the exhaustion question is unnecessary because, as determined below, the petition provides no basis for issuing the writ. It therefore will be denied on the merits.

---

[1] Petitioner also claims that his constitutional and human rights were violated because he was "forced on parole." Petition at 2. This claim has no reasonable basis in fact or law and therefore warrants no further discussion.

[2] Petitioner moves to supplement his response. Dkt. No. 16. The supplement raises new claims pertaining to petitioner's placement by the District of Columbia Court Services and Offender Supervision Agency ("CSOSA"). CSOSA is not a party to this action. The motion to supplement therefore will be denied.

## I.  BACKGROUND

Petitioner was serving a sentence imposed by this Court when he was released to parole on June 4, 2004.  *See Crawford v. Jackson*, 323 F.3d 123, 124 (D.C. Cir. 2003) (recounting part of petitioner's lengthy parole history).  The parole certificate listed petitioner's full-term release date as May 3, 2006, minus 180 days; hence, November 4, 2005.  Res.' Ex. C; *see also* Ex. E at 3.  On March 10, 2005, the USPC issued a warrant for petitioner's arrest based on multiple charges of parole violations.  The warrant was executed on March 25, 2005, and petitioner appeared with counsel for a probable cause hearing on March 29, 2005. Ex. F.  The USPC revoked petitioner's parole following a revocation hearing on June 1, 2005, forfeited the time he had spent on parole ("street-time credit"), and ordered petitioner to serve the remainder of his sentence to expiration.  Exs. G, H.

## II.  DISCUSSION

The extraordinary remedy of *habeas corpus* is available to a District of Columbia prisoner or detainee if he shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  Petitioner does not specify the basis of the violation.  The Court assumes that he is asserting violations of the due process clause.  District of Columbia parolees have a Fifth Amendment liberty interest in maintaining their "conditional" freedom and are therefore entitled to due process.  *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)).  That entitlement, however, is limited to notice and an opportunity to be heard in a reasonably timely manner.  *See id*. at 1421-24 (discussing *Morrissey* standards).  The Court cannot reinstate parole or determine one's eligibility for parole.  Rather, "at most[,] [a court] could order the Commission to

reconsider [a parole decision] in a manner that does not violate" the Constitution or federal law. *Alamo v. Clay,* 137 F.3d 1366, 1368 (D.C. Cir. 1998).

At his parole revocation hearing, petitioner claimed that he was unaware that he was under parole supervision after his release on June 4, 2004, *see* Res.' Ex. G at 1 (hearing summary), despite documentation that he had submitted to periodic drug testing and met with his community supervision officer between June 14, 2004, and February 17, 2005. *See* Ex. D at 2-3. The hearing examiner reasonably rejected petitioner's claim of ignorance based on the parole certificate petitioner had signed, which "indicates that [petitioner] knew he was on supervision until 5/3/06." Ex. G at 3.[3]

The record clearly establishes that petitioner was under parole supervision at the time the USPC issued the arrest warrant. The USPC therefore was within its authority to take custody of petitioner based on the alleged parole violations. The revocation proceedings provided petitioner the process due him under the Constitution. The petition for a writ of *habeas corpus* therefore is denied. A separate Order accompanies this Memorandum Opinion.

```
                                    _____/s/_____
                                    RICHARD W. ROBERTS
DATE: September 18, 2006            United States District Judge
```

---

[3] In his opposition, petitioner asserts for the first time that he did not sign the parole certificate. He claims that his case manager signed it "after he had refused to sign." Pet.'s Opp. at 2. Petitioner's claim is belied by the parole certificate and the filings in this case. The case manager signed the parole certificate as the witness to the signing and, although neither signature on the certificate is legible, each is distinctive. The inmate signature on the parole certificate is substantially similar to petitioner's signature on the habeas petition and other papers filed in this action. Petitioner also claims in his opposition that the forfeiture of his street-time credit was "improper" and was done to "cover-up for the unlawful treatment of placing him in a Sex Offender Unit." *Id*. at 2. This claim lacks merit because District of Columbia law, by which the USPC is bound with respect to District of Columbia prisoners, requires the rescission of street-time credit upon parole revocation. *See Noble v. U.S. Parole Com'n.*, 194 F.3d 152, 154 (D.C. Cir. 1999) (discussing D.C. Code § 24-406(a)) (formerly § 24-206(a)).